JOSIAH C. MILLER, RESPONDENT, v. OGILVIE L. SHELDON, APPELLANT.

*Order sustaining or overruling demurrer—not appealable.*

Under the Code of Civil Procedure, no appeal lies from an order sustaining or overruling a demurrer.

The only remedy under such Code is by an appeal from the judgment, whether final or interlocutory, entered upon the decision of the demurrer, and no appeal lies until such judgment is entered.

MOTION by plaintiff to dismiss this appeal. The affidavit of the plaintiff's attorney, made in support of the motion, showed that this was an action in equity, and that the plaintiff in his complaint asked for an injunction against the defendant and for other relief; that the defendant demurred to the complaint, alleging, as the ground of demurrer, that the complaint did not state facts sufficient to constitute a cause of action; that on the trial of the issue of law presented by the demurrer, at the Monroe Special Term, in January last, the demurrer was overruled, and thereupon the following order was entered; " demurrer overruled with leave to defendant to answer within twenty days on payment of costs of

demurrer;" that within the twenty days, the defendant's attorneys served a notice of appeal from the order, and subsequently they obtained a Special Term order staying the plaintiff's proceedings pending the appeal, on condition that the defendant would make and file an undertaking as prescribed by the order, which he did not do, although the time given him by the order for that purpose had expired; that at a Special Term, held in May last, an order was granted, on motion, giving plaintiff leave to enter judgment pursuant to the terms of the order overruling the demurrer, but that judgment had not been entered; and that the appellant's attorneys had noticed the appeal for argument.

*E. Webster*, for the motion.

*Q. Van Voorhis*, opposed.

SMITH, J.:

The Code of Civil Procedure does not authorize an appeal from an order overruling or sustaining a demurrer. In that respect it differs from the former Code, the 349th section of which, as amended in 1851, permitted an appeal from an order of that description. The remedy under the New Code is by appeal from the judgment, final or interlocutory, as the case may be, entered upon the decison of the issue of law raised by the demurrer. (See Throop's note to § 1350, New Code.) But whether the judgment is final or interlocutory, an appeal can not be taken till the judgment is entered. The time for appealing is thirty days after service of a copy of a judgment and written notice of entry thereof. (Code of Civil Procedure, § 1351.) No judgment has been entered in this case, and the appeal is therefore premature. The judgment authorized by the order of the Special Term is not a final judgment, as it must give the defendant leave to answer on the terms prescribed. Consequently it is an interlocutory judgment (Code of Civil Procedure, § 1200), and the right to appeal from it is given by section 1349 of the Code of Civil Procedure, and until it is actually entered, and a copy of it is served with notice of entry, the twenty days within which to answer will not begin to run, and the right to appeal will not have accrued.

I think the motion should be granted, but as the question of practice involved is new, no costs should be given.

Present TALCOTT, P. J., SMITH and NOXON, JJ.

Motion to dismiss appeal granted, without costs.